IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDELSON, P.C. | ) | |
| | ) | |
| VS. | ) | NO. 2:18-mc-980 |
| | ) | |
| BANDAS LAW FIRM, P.C., et al | ) | |

MOVANT BANDAS LAW FIRM, PC AND CHRISTOPHER BANDAS'
MOTION TO QUASH SUBPOENA TO FIRST COMMUNITY BANK
TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO
PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

BANDAS LAW FIRM, PC and CHRISTOPHER BANDAS (hereinafter "Movant") ask the Court to protect Movant from certain requests for documents set forth in a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action issued to First Community Bank (hereinafter "First Community Bank") in a proceeding styled: No. 1:16-cv-11057, Edelson PC vs. Bandas Law Firm PC, et al, United States District Court for the Northern District of Illinois.

I.

INTRODUCTION

1.1    Edelson, P.C. specifically requested records reflecting banking transactions of Movant at First Community Bank in Corpus Christi, Texas through a subpoena served on the First Community Bank. This discovery proceeding arises out of lawsuit filed against Movant in Chicago by Edelson, P.C., a law firm which represents plaintiffs in class action lawsuits. The vast majority of the claims brought against Movant were previously summarily dismissed. The only remaining claim appears to be for injunctive relief to prohibit Movant from engaging in the unauthorized practice of law in Illinois. Movant has offered an injunction prohibiting the

unauthorized practice of law as sought by Edelson, P.C., and it is unclear what relevance financial records have to a request for injunctive relief, and those records are confidential.

II.

JURISDICTION AND VENUE

2.1     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. This matter involves objections to the subpoena issued from the Federal District Court for the Northern District of Illinois, Chicago Division, as it relates to discovery being conducted under No. 1:16-cv-11057, Edelson PC vs. Bandas Law Firm PC, et al, United States District Court for the Northern District of Illinois (hereinafter the "Underlying Lawsuit").

2.2     Movant asserts that Chicago, Illinois, one of the locations for compliance, and venue of the Underlying Lawsuit, is more than 100 miles from Corpus Christi, Texas, the place called for compliance in the subpoena issued by Edelson, P.C. in the Underlying Lawsuit.

2.3     Under Rule 45(d)(3), Federal Rules of Civil Procedure, "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden."

2.4     Movant asserts that it is entitled to seek relief from the subpoena as set forth in Rule 45, Federal Rules of Civil Procedure, and that this Court is the proper venue for hearing such requests.

III.

CERTIFICATE OF CONFERENCE

3.1     Counsel for Movant has emailed counsel for Edelson, P.C. requesting either withdrawal or modification of the subpoena.  It appears from this consultation that Edelson, P.C. will not remove requests for Movant's confidential financial information, unfortunately necessitating the filing of this motion.  As of the filing of this motion, no agreement related to the subpoena has been reached.

IV.

ARGUMENT FOR PROTECTION AND OBJECTIONS TO REQUESTS

4.1     Edelson, P.C.'s subpoena to First Community Bank is improper and flawed, and part of a continued attempt to pry into confidential financial matters of Movant that are well beyond the scope of discovery in the Underlying Lawsuit.  Specifically, the records sought are solely confidential financial records, there appears to be no claim for damages, the injunction sought has been offered to Edelson, P.C., and the subpoena is facially flawed as it contains two different dates for compliance.

4.2     Financial records, specifically bank records, are confidential in nature.  The subpoena to First Community Bank seeks only financial records of Movant.  A true and correct copy of the subpoena is attached hereto as "Exhibit A".  It is elementary that bank records are confidential, and a significant showing is required in order to be permitted access to those records. There is no indication that the records are relevant, or that turning over the records is warranted.

4.3     Financial records are not relevant to the underlying lawsuit, as the claims for damages have been dismissed by the Court.  Specifically, the Court dismissed the vast majority of Edelson, P.C.'s claims on February 6, 2018 for lack of jurisdiction.  A true and correct copy of

that order is attached hereto as "Exhibit B". What remains is a request for an injunction, for which financial records are not relevant. What Edelson, P.C. fails to recognize is that it should be simple to prove unauthorized practice of law through pleadings, motions, and other court filings. Since these items do not exist, Edelson, P.C. attempts to craft a connection between assorted financial transactions and the unauthorized practice of law. This is nothing more than a ruse to again attempt to discover the financial condition of Movant. Edelson, P.C. previously sought to intervene is a related matter, Case No.: 2:17-cv-00095, Bandas Law Firm, P.C. and Christopher Bandas v. Landmark American Ins. Co., in the United States District Court for the Southern District of Texas, to obtain sealed records related to insurance coverage. The intervention was denied by this Court.

4.4    After dismissing the vast majority of Edelson, P.C.'s claims against Movant, it appears the lone remaining claim against Movant is a request for injunctive relief to prohibit Movant from engaging in the unauthorized practice of law in Illinois. Movant made an Offer of Judgment for the requested injunctive relief. A true and correct copy of the Offer of Judgment is attached hereto as "Exhibit C". Despite the offer of the only relief sought and potentially available, Edelson, P.C. continues to seek confidential financial records belonging to Movant. In light of the Offer of Judgment, there exists no continuing justification to obtain confidential financial records. There can be no cost justification for continued discovery when the sum total of the relief sought has already been offered.

4.5    In addition to the general complaints stated above, Movant makes the following specific objections to the requested materials. The subpoena requests all documents reflecting transactions with 108 different entities or individuals. The scope of the request for "all documents" for the 108 listed is overly broad. Movant objects to the time requested in the subpoena is in excess of ten years, as it facially unreasonable. The subpoena also calls for certain testimonial responses

in the event documents are missing. Seeking testimonial responses are beyond the scope of a subpoena and are improper. The subpoena also calls for certain methods of production and numbering systems which are beyond the scope of the applicable rules and appear to serve no purpose but to allow Edelson, P.C. to complain about alleged non-compliance with instructions or requests which are beyond the scope of any applicable rule.

V.

CONCLUSION

5.1    Movant requests that the Court grant this motion and protect Movant from the unnecessary and unreasonable discovery requests to First Community Bank. For the reasons detailed herein, the requests are both unreasonable and unnecessary and fail to comply with the applicable rules. Movant is entitled to protection from these overreaching requests for confidential financial information.

Respectfully submitted,

/s/  Eric Stewart /s/
ERIC STEWART
State Bar No. 24058133
JOHN SWALLOW
State Bar No. 24085611
Huseman & Stewart, PLLC
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX  78401
T:  361-883-3563
F:  361-883-0210
estewart@husemanstewart.com
jswallow@husemanstewart.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the above and foregoing was this 22nd day of August, 2018, served via email on:

Alexander G. Tievsky
Edelson PC
350 N. LaSalle Street, 14th Floor
Chicago, IL  60654
atievsky@edelson.com

Daren Van Puymbrouck
Alexander S. Vesselinovitch
Matthew T. Connelly
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL  60606
dvanpuymbrouck@freeborn.com
avesselinovitch@freeborn.com
mconnelly@freeborn.com

           /s/  Eric Stewart  /s/
      ERIC STEWART